Matter of T.G.V. v K.P.K. (2025 NY Slip Op 05483)

Matter of T.G.V. v K.P.K.

2025 NY Slip Op 05483

Decided on October 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 07, 2025

Before: Webber, J.P., Mendez, Pitt-Burke, Higgitt, O'Neill Levy, JJ. 

Docket No. G-1406/22|Appeal No. 4854|Case No. 2024-05680|

[*1]In the Matter of T.G.V., A Child Under Eighteen Years of Age, etc., G.V. Petitioner-Respondent,
v
K.P.K. Respondent-Appellant,

Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.
Steven P. Forbes, Huntington, for respondent.
Proskauer Rose LLP, New York (Eric E. Wertheim of counsel), attorney for the child.

Order, Family Court, Bronx County (Jessica I. Bourbon, J.), entered on or about July 12, 2024, which, after extraordinary circumstances and best interests hearings, awarded guardianship of the subject child to petitioner paternal aunt, unanimously affirmed, without costs.
Family Court properly found that petitioner met her burden of showing the requisite extraordinary circumstances to obtain guardianship of the child over the mother's objections (see Family Ct Act § 1055-b[a][iv][A]; Matter of Caron, C.G.G. [Alicia G. — Jasmine D.], 165 AD3d 476, 476-477 [1st Dept 2018]). Evidence of the mother's extended disruption of custody for over 10 years, the aunt's assumption of full responsibility for the daily care of the child consistently since the father's passing in December 2021, and the mother's minimal, sporadic involvement in the child's life comprise the requisite "extraordinary circumstances" to justify the award of guardianship (id at 476).
Contrary to the mother's argument, petitioner was not required to present expert testimony to establish psychological bonding between the child and the aunt (see Matter of Griselda N.G. v Yvette C., 192 AD3d 592, 593 [1st Dept 2021]). Further, the evidence shows that the child had formed a strong parental bond with the aunt (see Matter of Jerrina P. [June H. — Shondell N.P.], 126 AD3d 980, 981 [2d Dept 2015]).
Family Court's determination that it was in the child's best interests to remain with the aunt is supported by a preponderance of the evidence (see Matter of Joseph S. v Michelle R.F., 3 AD3d 446, 447 [1st Dept 2004]). The aunt provided the child with a loving and stable home where the child was thriving, and she managed all the child's schooling and health needs (see Matter of Nadine T. v Lastenia T., 161 AD3d 491, 492 [1st Dept 2018]). On the other hand, the mother's contact with the child was sporadic, and there was no evidence that she provided any financial support or made any serious efforts to obtain information about the child's education or medical care (see Matter of Tawanna W. v Kamella T., 233 AD3d 638, 638 [1st Dept 2024]). Rather, as noted by Family Court, the mother's testimony focused almost entirely on the child's receipt of Social Security checks instead of her care.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 7, 2025